George F. HENRY, Jr., Appellant,

v.

The BOARD OF PROFESSIONAL RE-
SPONSIBILITY OF the SUPREME
COURT OF TENNESSEE; Hearing
Committee Consisting of Alfred T.
McFarland, Thomas Owen Bagley, and
G. Nelson Forrester, Appellees.

Supreme Court of Tennessee,
at Nashville.

March 7, 1988.

Rehearing Denied May 2, 1988.

George F. Henry, Jr., Cookeville, for ap-
pellant.

William W. Hunt III, Disciplinary Coun-
sel, Nashville, for appellees.

OPINION

COOPER, Justice.

George F. Henry, Jr. has appealed from
a judgment dismissing his petition for rein-
statement of his license to practice law.
Appellant insists that the trial court's find-
ing on the issue of "competence to practice
law" is against the "overwhelming" weight
of the evidence. He further charges that
the record considered by the trial judge
was incomplete, that facts set forth in the
judgment are erroneous, and that there is a
conspiracy between the Board of Profes-
sional Responsibility and unnamed mem-
bers of the Putnam County Bar to deny
him a license to practice law. We find no
merit in these charges, and affirm the judg-
ment of the trial court.

The record reflects that Mr. Henry's li-
cense to practice law was suspended for a
two year period for the "mishandling of
four cases in a relatively short period of
time." In affirming the suspension this
court noted that:

> Appellant's actions in each of the cases
> demonstrate[d] not only a lack of knowl-
> edge of basic procedure and of substan-
> tive law, but no inclination on the part of
> [Mr. Henry] to improve his ability to
> represent his clients.

*Office of Disciplinary Counsel v. Henry*,
664 S.W.2d 62 (Tenn.1983). The judgment
in the suspension hearing also provided
that reinstatement of Mr. Henry's license
was conditioned "upon a showing that he
had obtained a level of competence ade-
quate to justify the issuance of a license."

At the expiration of the two year suspen-
sion period, Mr. Henry filed a petition for
reinstatement of his license. At the rein-
statement hearing Mr. Henry had "the bur-
den of demonstrating by clear and convinc-
ing evidence that he has the moral qualifi-
cations, competency and learning in law
required for admission to practice law in
this State and that his resumption of the
practice of law within the State will not be
detrimental to the integrity and standing of

the bar or the administration of justice, or subversive to the public interest." Rule 9, Section 19.3, Rules of the Supreme Court.

The evidence before the panel hearing the petition for reinstatement was clear and convincing that Mr. Henry has the moral qualifications to practice law, and no issue was made of that requirement by either party. It was Disciplinary Counsel's position that the sole issue is the competence of Mr. Henry to practice law. On this issue, Mr. Henry testified that during the two plus years of his suspension he took a course in Business Law II by correspondence from Murray State University. He also testified that he had spent approximately five hours per week reading advance sheets and the code, and had gone to the courthouse on three occasions to observe trials.

The hearing panel concluded that "these three efforts cited by Mr. Henry do not sufficiently establish his competence so as to fulfill the requirements of Rule 9 or the order suspending his license." Having made this finding the hearing panel dismissed the petition for reinstatement.

Pursuant to Rule 9, Section 1.3, Mr. Henry sought review of the hearing panel's findings and action by the Chancery Court of Putnam County. The only new testimony before the chancellor was the testimony of Mr. Henry, which in the main, was directed to exhibits introduced by him showing the satisfactory conclusion of several cases prior to the suspension of his license. These exhibits evidently were introduced to show that Mr. Henry's performance, at one time, met the standards required of persons licensed to practice law.

On considering the exhibits, Mr. Henry's testimony and the record made by the hearing panel, the trial judge concluded that Mr. Henry "has fallen far short of showing himself to be presently capable of the practice of law, not only in this locality, but elsewhere in the State of Tennessee." The trial judge then denied reinstatement of Mr. Henry's law license.

■ The ultimate issue now before this court is whether or not Mr. Henry has shown by clear and convincing evidence that he has the competency and learning in law required for admission to practice law in this state. Our review under Rule 9, Section 1.3 "is *de novo* 'upon the transcript of the record from the ... Chancery Court, which shall include the transcript of evidence before the hearing committee.'" We must presume, however, that the trial court was correct unless the preponderance of the evidence is contrary to his finding. *Gillock v. Bd. of Prof. Resp. of Supreme Court,* 656 S.W.2d 365, 367 (Tenn.1983).

■ On reviewing the record, we concur in the finding of the trial judge that Mr. Henry has not met his burden of establishing his competency to practice law. The four cases that resulted in the suspension of Mr. Henry's license covered a broad spectrum of the law. His handling of the cases demonstrated a complete lack of knowledge of criminal substantive law and the Rules of Criminal Procedure, the federal and state Rules of Civil Procedure, the law of libel, civil rights, and contracts. *See Office of Disciplinary Counsel v. Henry,* 664 S.W.2d 62 (Tenn.1983). Mr. Henry's regimen of study during his suspension did not include the above areas of the law, but was limited to the taking of a correspondence course in business law, a casual reading of advance sheets and the code, and the observance of three trials, the nature of which is not shown in the record. These efforts in our opinion, as in the opinion of the trial court, do not remotely suggest "an earnest and sincere desire to bring [Mr. Henry's] technical acumen to the standard of competency necessary to handle the public's legal affairs." And, more importantly, the studies of Mr. Henry were not in the areas of the law where he has been found to be incompetent.

Mr. Henry insists the Board of Professional Responsibility failed to send a complete record to the Chancery Court of Putnam County in response to the petition for certiorari filed by Mr. Henry. Specifically, he charges that the record failed to include Mr. Henry's grades on the correspondence course, and his academic transcripts from Tennessee Tech and Cumberland University Law School. These documents were

considered "for what they were worth" by the hearing panel and should have been part of the record sent to the trial court. However, on reading the transcript of proceedings before the Hearing Panel, we find that Mr. Henry was to copy the documents and file them with the court reporter. Evidently, this was not done; but, no prejudicial error resulted. Mr. Henry introduced the documents in the hearing in the trial court and they were considered by that court and, of course, by this court.

Mr. Henry also raises a question as to the accuracy of the trial court's recitation in its judgment of proceedings leading to the filing of the petition for certiorari. We find no error of any consequence in the recitation.

Finally, Mr. Henry charges the existence of a conspiracy between the Board of Professional Responsibility and unnamed members of the Putnam County Bar to deny him a law license. We find nothing in the record to even raise a spectre of a conspiracy, nor any interest on the part of those contesting Mr. Henry's efforts to have his law license restored other than to protect the public.

The judgment of the trial court is affirmed. Costs will be paid by Mr. Henry and his surety, if any.

HARBISON, C.J., and FONES, DROWOTA, and O'BRIEN, JJ., concur.

OPINION ON PETITION TO REHEAR

George F. Henry, Jr. has filed a petition to rehear, which has been considered by the Court and found to be without merit. Accordingly, the petition to rehear is denied. Costs attendant the filing of the petition are adjudged against Mr. Henry.

HARBISON, C.J., and FONES, DROWOTA, and O'BRIEN, JJ., concur.