**George F. HENRY, Jr.,
Plaintiff/Appellant,**

v.

**The BOARD OF PROFESSIONAL RESPONSIBILITY OF the SUPREME COURT OF TENNESSEE, Defendant/Appellee.**

Supreme Court of Tennessee,
at Nashville.

Aug. 9, 1993.

Lynda W. Mullins, Livingston, for appellant.

William W. "Trip" Hunt, III, Disciplinary Counsel, Nashville, for appellee.

## OPINION

ANDERSON, Justice.

George F. Henry, Jr., appeals from a Chancery Court judgment which conditioned the reinstatement of his license to practice law upon his taking and successfully passing the Tennessee Bar Examination. Henry contends that he has established his competence to practice law by clear and convincing evidence, and that no condition should be placed upon the reinstatement of his license to practice law. Our review of the record demonstrates the evidence does not preponderate against the Chancellor's judgment; however, the record would also permit a reinstatement of Henry's license to practice law provided he assumes inactive status, which would result in his no longer being eligible to participate in the active practice of law.

### BACKGROUND

In 1984, Henry was suspended from the practice of law for a period of two years for incompetence. *See Office of Disciplinary Counsel v. Henry,* 664 S.W.2d 62 (Tenn. 1983).[1]

At the expiration of the two-year suspension period, Henry filed his first petition for reinstatement of his license pursuant to Supreme Court Rule 9, § 19. A Hearing Committee of the Board of Professional Responsibility denied his petition for reinstatement upon the grounds he had not established his competence to practice law. The denial was sustained on appeal by the Chancery Court of Putnam County and by this Court. *See Henry v. Board of Professional Responsibility,* 749 S.W.2d 466 (Tenn.1988).

Henry's second petition for reinstatement is now before this Court. A Hearing Committee of the Board of Professional Responsi-

---

1. The Opinion of this Court affirming the suspension was filed in November of 1983, but as a result of motions to reconsider, the Order of Enforcement was not entered until July of 1984.

bility found that Henry had failed to demonstrate his competency by clear and convincing evidence as required by Supreme Court Rule 9, § 19.3, and denied his petition for reinstatement.

Henry appealed to the Chancery Court of Putnam County, and the Chancellor reinstated Henry's license "subject to the condition that Mr. Henry take, and successfully pass, the Tennessee Bar Examination." Henry has appealed to this Court seeking to remove the reinstatement condition imposed by the trial court.

■ Our standard of review of the record, including the transcript of the evidence before the hearing panel, is *de novo* with a presumption of correctness unless the preponderance of the evidence is contrary to the action of the Chancery Court. Supreme Court Rule 9, § 1.3; *Henry*, 749 S.W.2d at 467.

The Rules of the Supreme Court provide, in part, as follows:

... The hearing committee shall schedule a hearing at which the petitioner shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice law in this State and that his resumption of the practice of law within the State will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive to the public interest.

Rule 9, § 19.3

[T]he reinstatement may be conditioned upon the furnishing of such proof of competency as may be required by the judgment, in the discretion of the Supreme Court, which proof may include certification by the Bar Examiners of the successful completion of examination for admission to practice.

Rule 9, § 19.7

■ We have examined the record of the Hearing Committee and the Chancery Court in accordance with the Supreme Court Rules and the required scope of review, and conclude that the evidence does not preponderate against the action of the Chancellor conditioning Henry's reinstatement on passing the Tennessee Bar Examination. We find the condition appropriate, since the sole question surrounding Mr. Henry's reinstatement is competency to practice law, and the Bar Examination is designed to measure just that. The record demonstrates that Henry—aged 79 at the time of the hearing in 1992—had been a practicing lawyer since 1958 in Putnam County, Tennessee; that he has an exemplary character and personal reputation; and that the sole issue before the Court is his competence. The record also shows that he has made a sincere and diligent effort to improve his competence with the volunteer help of other distinguished lawyers in the county, including the district attorney general.

Based on this otherwise favorable record, we *conclude the Chancellor's judgment* should be modified to allow the reinstatement of Henry's license to practice law on inactive status pursuant to Supreme Court Rule 9, § 20.8, without requiring him to pass the Tennessee Bar Examination. This action does not authorize Henry to engage in the active practice of law, but it does allow the reinstatement of his license. *See* Supreme Court Rule 9, § 20.8. In the event Henry *chooses reinstatement on the condition of an inactive status,* he must advise the Board of Professional Responsibility in writing that he chooses to assume an inactive status on or before 90 days from the date of this Opinion. If Henry elects an inactive status, his license to practice law will be reinstated effective as of the date of election. *Id.* If Henry does not elect an inactive status, the Chancellor's judgment remains in effect, which requires Henry to take and successfully pass the Bar Examination before his license may be reinstated.

The judgment of the Chancellor, as modified, is affirmed. The costs of this appeal are to the appellant, George F. Henry, Jr.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.