# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 5, 2002 Session

## HUBERT PATTY v. BOARD OF PROFESSIONAL RESPONSIBILITY

**Direct Appeal from the Chancery Court for Blount County**
**No. 01-096     Frank V. Williams, III, Sitting by Designation**

———————————

**No. E2002-00499-SC-R3-CV - Filed November 1, 2002**

———————————

This is a direct appeal in a Board of Professional Responsibility case. A hearing committee found that the petitioner violated four disciplinary rules arising out of client representation, imposed a one-year suspension from the practice of law, and ordered the petitioner to complete courses in ethics and civil procedure at an accredited law school before applying for reinstatement. The chancery court upheld the hearing committee's findings and conclusions with respect to the violations, but reduced the suspension to 60 days and vacated the requirement for law school education.

After our review of the record and applicable authority, we conclude that the chancery court properly affirmed the hearing committee's findings with regard to the petitioner's violations of the disciplinary rules, but we modify the length of the suspension to four months and the condition for reinstatement by requiring the petitioner to complete six hours of continuing legal education in ethics and twelve hours of continuing legal education in courses related to civil trial practice or civil litigation, in addition to the three hours of ethics and twelve hours of general credit required annually of attorneys in this State. The judgment is, therefore, affirmed as modified.

### Supreme Court Rule 9, §1.3; Judgment of the Trial Court Affirmed, as Modified

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK D. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Hubert D. Patty, Maryville, Tennessee, Pro Se.

James A. Vick, Nashville, Tennessee, for the appellee, Board of Professional Responsibility.

## OPINION

## BACKGROUND

The petitioner, Hubert Patty, received his Tennessee license to practice law in 1954. The present disciplinary proceedings against Patty arose out of his legal representation of two clients in unrelated matters. We summarize the facts of each case below.

### Boruff Proceedings

Patty appeared in the Circuit Court of Blount County on October 26, 1998, and requested that he replace the public defender as defense counsel for Douglas Boruff, who was charged with rape of a child. In the course of his request, Patty told the trial court that he would not be prepared for trial, which was already set for November 12, 1998, and asked for a continuance. The trial court told Patty that he would not be permitted to substitute as counsel if doing so would require a continuance. Accordingly, the trial court refused to sign an agreed order substituting Patty as counsel because the order did not state that the case would be tried as set on November 12, 1998. An agreed order, however, was later submitted by Patty and entered by the court that expressly stated the case would be tried on November 12, 1998.

Six days before trial, on November 6, 1998, Patty filed a motion to continue the case on the ground that he was unprepared for trial. Thereafter, on the day of trial, Patty appeared in court and requested that the motion for continuance be granted. Although the trial court granted the motion and continued the trial, it found Patty in contempt of court, fined him $50.00, and reported the matter to the office of Disciplinary Counsel. The trial court found as follows:

> [T]he Court finds that from what you've told me here today that you knew on the 26th of October, by having talked with [the Public Defender] and seeing the file, that not enough work had been done for you to possibly be able to try this case on November 12th. . . .

> The Court further finds that you signed this order on the 29th day of October of '98, . . . saying that you agreed to represent the Defendant . . . at trial on November 12th of '98 and you knew at that time when you signed that order and you had known for at least three or four days that you could not be ready for trial.

> . . .

> [I]n order to be his lawyer, you signed an order agreeing to something that you knew when you signed it that you could not perform. . . .

Patty appealed his contempt conviction to the Court of Criminal Appeals;  the appeals court found that the evidence was sufficient to support contempt, but reversed the conviction on procedural grounds.

Turner Proceedings

On July 16, 1997, Patty filed a complaint for malicious prosecution and outrageous conduct on behalf of his client, Carolyn Turner, in the Circuit Court of Blount County. The complaint, which sought damages in the amount of $7,500,000.00, was based on a worthless check charge against Turner that had been dismissed.[1]  The defendants responded by filing a motion for summary judgment and a motion to dismiss as a sanction for a discovery violation.

On April 14, 1998, the circuit court heard the motions and dismissed the complaint on two grounds:  (1) that there were no disputed issues of material fact; and (2) that dismissal was appropriate as a discovery sanction based on false or misleading discovery responses provided by Patty's client.  Patty then filed a motion to rehear the order of dismissal without alleging any additional factual or legal grounds.  The trial court denied the motion after finding that Patty lacked "a good faith basis in fact and law upon which to file the Motion."  See Tenn. R. Civ. P. 11.02 (2) and (3).  Patty then appealed to the Court of Appeals, which affirmed the dismissal of the complaint and remanded the case for the trial court to award damages for the filing of a frivolous appeal in the appellate court.  The trial court subsequently approved a settlement in the amount of $3,000 as damages for the filing of the frivolous appeal.

On June 18, 1998, Patty filed a suit in federal district court on behalf of Carolyn Turner claiming a violation of 42 U.S.C. § 1983 based on the same grounds asserted in the complaint filed in circuit court.  The suit named several additional defendants, including Blount County and the general sessions court clerk who issued the worthless check warrant, and sought $11,000,000 in damages.

The district court granted summary judgment to all of the defendants after finding that the general sessions court clerk had absolute immunity, that the county was not liable under principles of *respondeat superior*, and that the remaining defendants were not state actors.  The district court also made the following findings:

> [P]laintiff's counsel filed this frivolous lawsuit against the
> Blount County defendants.  The court can draw no other conclusion
> other than that plaintiff's attorney has filed this complaint for an
> improper purpose, *i.e.*, to continue to harass the Blount County

---

[1] Briefly stated, the complaint alleged that a worthless check had been written to the defendant, Monroe County Farmers' Co-op, using Turner's business account.  An employee of the Co-op sought a worthless check warrant against Carolyn Turner, even though the check apparently had been signed by Turner's son and not by Turner personally.  The general sessions court clerk issued the warrant after consulting with a general sessions court judge about the matter.

defendants. The complaint contains claims and other legal contentions that are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. . . . As a direct consequence of plaintiff's counsel's actions, plaintiff has wrongfully named . . . defendants in this litigation.

See Fed. R. Civ. P. 11. The district court then imposed sanctions against Patty that included the payment of costs and attorneys' fees in the amount of $ 2,811.30 and a one-year suspension from practicing law in the District Court for the Eastern District of Tennessee due to the frivolous nature of the lawsuit.

Disciplinary Proceedings

As a result of the report of the trial judge to the Board of Professional Responsibility, an investigation was made and a hearing committee of the Board was convened. It found that Patty's conduct in the above court proceedings violated the following disciplinary rules found in Rule 8, Rules of the Supreme Court: DR 1-102, misconduct in violating a disciplinary rule; DR 6-101, failing to act competently; DR 7-102, failing to represent a client within the bounds of the law; and DR 7-106, engaging in improper trial conduct.[2] The hearing committee cited Patty's previous disciplinary history as aggravating factors, which included the following: a private admonition on February 3, 1986 for neglect; a private reprimand on March 8, 1998 for obtaining a loan from a client; a private admonition on July 13, 1989 for neglect; a public censure on February 15, 1995; and a private reprimand on February 15, 1995 for conflict of interest and neglect. It therefore ordered that Patty be suspended from the practice of law for one year and that any reinstatement after the one-year period was conditioned on his completion of "a civil procedure course and an ethics course at an accredited law school."

Patty appealed the hearing committee's order to the Chancery Court for Blount County. The chancellor held a hearing and affirmed the hearing committee's findings of fact and conclusions of law. The chancellor determined, however, that

the appropriate sanction for the [ ] violations of the disciplinary rules by the Petitioner, given all the circumstances and remedial actions taken by the courts in which the Petitioner's conduct occurred, is a suspension of the Petitioner's license to practice law for a period of sixty days.

---

[2] The full text of the disciplinary rules cited by the hearing committee are included in the appendix to this opinion.

-4-

The chancellor also vacated the portion of the hearing committee's order requiring Patty to complete courses in ethics and civil procedure at an accredited law school as a condition for reinstatement. Patty then appealed directly to this Court. <u>See</u> Rule 9, § 1.3, Rules of the Supreme Court.

## STANDARD OF REVIEW

When a party appeals the judgment of a Board of Professional Responsibility hearing committee, the trial court shall review the evidence before the hearing committee, as well as the proof either party may introduce, and shall determine the facts by the preponderance of the evidence. Rule 9, § 1.3, Rules of the Supreme Court. The trial court's judgment may be appealed directly to this Court. <u>Id.</u> Our review of the decision is *de novo* with a presumption of correctness unless the preponderance of the evidence is contrary to the trial court's action. <u>Murphy v. Board of Professional Responsibility</u>, 924 S.W.2d 643 (Tenn. 1996).

## ANALYSIS

Patty argues that his representation of his clients did not warrant a finding that he violated the disciplinary rules and did not warrant the imposition of any sanctions. Patty maintains, for example, that he was legally and ethically required to seek a continuance in the Boruff criminal matter because he was not prepared for trial on November 12, 1998. He likewise contends that he was "fully justified" in seeking state and federal relief in the Turner civil proceedings and that the district court was biased against him. The Board of Professional Responsibility responds that the evidence in the record supports the findings and sanctions imposed by the hearing committee.

After reviewing the record, we conclude that the evidence preponderates in favor of the chancery court's affirmance of the factual findings and conclusions made by the hearing committee.

For example, in the Boruff matter, Patty correctly states that he had a legal and ethical duty to zealously represent his client. He fails to acknowledge, however, that he was told by the trial court that he would not be permitted to substitute as counsel unless he was prepared for trial on November 12, 1998. Moreover, Patty conceded to the trial court that he submitted the agreed order stating that the case would be tried on November 12, 1998, even though he knew at that time that he would not be prepared for trial. Accordingly, we agree with the chancellor that the evidence preponderated in favor of a finding that Patty violated the agreed order and that his conduct also violated DR 1-102, DR 6-101, DR 7-102, and DR 7-106 for the reasons found by the hearing committee.

In the Turner matter, Patty persisted in filing and pursuing frivolous claims that twice led to the imposition of sanctions against him under Tenn. R. Civ. P. 11 and Fed. R. Civ. P. 11. In the state claim, Patty filed a petition to rehear even though the complaint had been dismissed on two grounds and Patty asserted no new factual or legal grounds for rehearing.

In the federal claim, Patty made essentially the same assertions only with the addition of new defendants. Summary judgment for all of the defendants was granted and sanctions were imposed upon Patty by the federal district court. Although Patty argues that the federal district court imposed sanctions because it was biased, the contention has absolutely no support in the record. Accordingly, we agree with the chancery court that the evidence preponderated in favor of the findings of the hearing committee.

Finally, Patty argues that the chancery court implicitly found that the evidence was insufficient to support a finding that he engaged in conduct that violated any of the disciplinary rules. The chancellor said that Patty's conduct in the Boruff and Turner matters, "standing alone," would not support a suspension of his license for any period of time. Although we disagree with the chancellor's observation, it is clear from the record that the chancellor did not say that Patty's conduct failed to support a finding that he engaged in conduct that violated the disciplinary rules. Indeed, the chancery court upheld the hearing committee's findings and conclusions on all issues except for the length and nature of the sanctions imposed. In short, the evidence preponderates in favor of the chancery court's judgment affirming the factual findings made by the hearing committee with regard to Patty's violations of the cited disciplinary rules.

With respect to the appropriate sanctions to be imposed, we agree that some period of suspension is justified due to the nature of the circumstances, the nature of Patty's conduct, Patty's unwillingness to acknowledge any wrongdoing, and the existence of Patty's prior disciplinary history. We disagree, however, with a one-year suspension inasmuch as the hearing committee appeared to give little or no weight to the fact that Patty was sanctioned for his conduct by the courts in which his conduct took place. In addition, we believe that the requirement for taking civil procedure and ethics courses at an accredited law school before Patty may apply for reinstatement was too strong a penalty and amounted to a suspension for an indefinite and perhaps permanent length of time.

Accordingly, in light of the record as a whole, we modify Patty's suspension from the practice of law to four months. Moreover, we modify the condition for his reinstatement to completing six hours of continuing legal education in ethics and twelve hours of continuing legal education in courses related to civil trial practice or civil litigation. These credit hours shall be completed in courses accredited by the Tennessee Commission on Continuing Legal Education and shall be in addition to the three hours of ethics and twelve hours of general credit required annually of attorneys in this State.

**CONCLUSION**

After our review of the record, we affirm the chancery court's affirmance of the hearing committee's findings and conclusions with regard to the petitioner's violations of the disciplinary rules, but we modify the length of the suspension to four months. In addition, we modify the condition for reinstatement by requiring the petitioner to complete six hours of continuing legal education in ethics and twelve hours of continuing legal education in courses related to civil trial

practice or civil litigation in seminars accredited by the Tennessee Commission on Continuing Legal Education. These hours shall be in addition to the three hours of ethics and twelve hours of general credit required annually of attorneys in this State. The judgment is, therefore, affirmed as modified, and the costs of appeal are assessed equally between the parties.

                                                   _____

                                                  E. RILEY ANDERSON, JUSTICE

# APPENDIX
**(Excerpts from Rule 8, Rules of the Supreme Court)**

**DR 1-102. Misconduct**

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(2) Circumvent a Disciplinary Rule through actions of another.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

(7) Willfully refuse to comply with a court order entered in a case in which the lawyer is a party.

[Amended October 9, 1997.]


**DR 6-101. Failing to Act Competently**

(A) A lawyer shall not:

(1) Handle a legal matter which the lawyer knows or should know that the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it.

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to the lawyer.


**DR 7-102. Representing a Client Within the Bounds of the Law**

(A) In the representation of a client, a lawyer shall not:

(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

(3) Conceal or knowingly fail to disclose that which the lawyer is required by law to reveal.

(4) Knowingly use perjured testimony or false evidence.

(5) Knowingly make a false statement of law or fact.

(6) Participate in the creation or preservation of evidence when the lawyer knows or it is obvious that the evidence is false.

(7) Counsel or assist the client in conduct that the lawyer knows to be illegal or fraudulent.

(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

(B) A lawyer who receives information clearly establishing that:

(1) The lawyer's client has, in the course of the representation, perpetrated a fraud upon a person or tribunal, shall promptly call upon the client to rectify the same, and if the client refuses or is unable to do so, the lawyer shall reveal the fraud to the affected person or tribunal, except when the information is protected as a privileged communication.

(2) A person other than the client has perpetrated a fraud upon a tribunal shall promptly reveal the fraud to the tribunal.

[Amended May 18, 1995;  September 11, 1995.]


## DR 7-106. Trial Conduct

(A) A lawyer shall not disregard or advise the client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but may take appropriate steps in good faith to test the validity of such rule or ruling.

(B) In presenting a matter to a tribunal, a lawyer shall disclose:

(1) Legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and which is not disclosed by opposing counsel.

(2) Unless privileged or irrelevant, the identities of the clients the lawyer represents and of the persons who employed the lawyer.

(C) In appearing in a professional capacity before a tribunal, a lawyer shall not:

(1) State or allude to any matter that the lawyer has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence.

(2) Ask any question that the lawyer has no reasonable basis to believe is relevant to the case and that is intended to degrade a witness or other person.

(3) Assert the lawyer's personal knowledge of the facts in issue, except when testifying as a witness.

(4) Assert the lawyer's personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but a lawyer may argue, on the lawyer's analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

(5) Fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of an intent not to comply.

(6) Engage in undignified or discourteous conduct which is degrading to a tribunal.

(7) Intentionally or habitually violate any established rule of procedure or of evidence.