# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 2003 Session

## MARK WESLEY HENDERSON  v.  BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE

**Direct Appeal from the Chancery Court for Sumner County**
**No. 2001C-250     Hon. Allen W. Wallace, Sitting by Designation**

---

**No. M2002-02566-SC-R3-CV - Filed October 30, 2003**

---

This is a direct appeal from an attorney disciplinary proceeding originating in the Board of Professional Responsibility ("Board").  After the appellant, Mark Henderson, disagreed with an initial proposal for a public censure, Disciplinary Counsel filed a petition for discipline.  Henderson entered a conditional guilty plea before the Board in exchange for a public censure, but upon review, this Court rejected that plea.  The Board ultimately recommended that Henderson be suspended from the practice of law for a period of six months.  Henderson then filed a petition for certiorari in the Chancery Court for Sumner County alleging several procedural defects, including the allegation that the Board did not have authority to pursue the disciplinary petition because he had not demanded a formal hearing.  The trial court dismissed Henderson's petition for certiorari due to his failure to file a complete transcript with the court.  On direct appeal to this Court, Henderson argues that the Board lacked jurisdiction to pursue the petition for discipline, that the Board failed to follow the required procedure when it submitted the conditional guilty plea to this Court for review, and that the trial court erred in dismissing his petition for certiorari.  We affirm the decision of the trial court, holding that it properly dismissed the petition for certiorari, that the Board had authority to initiate a formal petition for discipline, and that this Court had the authority to review and reject the conditional guilty plea.

**Tenn. Sup. Ct. R. 9, § 1.3;**
**Judgment of the Trial Court affirmed**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON and JANICE M. HOLDER, JJ. joined.  ADOLPHO A. BIRCH, Jr., J., not participating.

James R. Stallings, Jr.,[1] Lebanon, Tennessee, for the appellant, Mark Wesley Henderson.

Sandy Garrett, Nashville, Tennessee, for the appellee, Board of Professional Responsibility.

## OPINION

## BACKGROUND

Mark W. Henderson has been practicing law in Tennessee since 1985. The present disciplinary proceedings against Henderson arose out of his legal representation of the plaintiff in a medical malpractice action styled Betty J. Faulk v. Columbia/HCA d/b/a Goodlark Hospital, which was filed in the Circuit Court for Dickson County. During his representation of Ms. Faulk, Henderson failed to answer discovery requests of the defendant hospital. Defense counsel filed a motion to compel and for sanctions against the plaintiff, which was granted when Henderson neither filed a response nor appeared at the hearing on the motion. On May 20, 1997, the court awarded sanctions in the amount of $615.40, and further directed that the case be dismissed unless the sanctions were paid within thirty days from the date of entry of the order.

After learning of the Court's ruling, but prior to entry of the order, Henderson furnished discovery materials to defense counsel, but did not send a check for the court-ordered sanctions. The tort case was dismissed with prejudice on July 1, 1997, as a result of Henderson's failure to comply with the May 20, 1997, order regarding the payment of sanctions. No objections to the dismissal order were filed. On July 28, 1997, Henderson spoke with defense counsel who informed Henderson that his office had not received a check in payment of the sanctions. Henderson did not tell defense counsel that a check had been sent with the discovery responses, but instead requested that the sanctions be waived; defense counsel declined.

On July 31, 1997, Henderson filed on his client's behalf a "Motion for A New Trial Or In The Alternative To Alter Or Amend Judgment." Attached to that motion was Henderson's affidavit, which provided in relevant part:

> 3. On May 5, 1997, a motion compelling discovery and sanctions was heard and granted. The order granting said motion was entered on May 20, 1997.
>
> 4. On May 12, 1997, the requested discovery and sanctions were delivered to defense counsel. A copy of the certification, return receipt and check are attached hereto.
>
> 5. On or about July 5, 1997, I received notice from the Dickson County Clerk's office that the above styled case had been dismissed for failure to comply with the

---

[1] Mr. Henderson argued the case *pro se* at oral argument, although there is no order dismissing Mr. Stallings as counsel.

ordered [sic] issued on May 20, 1997. I received no motion or other communication from defense counsel prior to the dismissal.

Attached to Henderson's affidavit was a copy of check number 0342 in the amount of $615.00, drawn on Union Planters Back account number 0138552, payable to counsel for the defendant and dated May 9, 1997.

Defense counsel never received the check. Henderson's bank records for account number 0138552 at Union Planters Bank for the time period of April 1, 1997, through September 30, 1997, do not reflect the clearing of check number 0342. These records do show that check number 0341 was drawn on the account on July 21, 1997, (clearing on July 24th) and that check number 0343 was drawn on August 7, 1997, (clearing on August 7th). Defense counsel requested that Henderson withdraw his motion to alter or amend judgment, which he did on February 5, 1998. The sanctions in the amount of $615.40 remained unpaid.

*Disciplinary Proceedings*

The Board of Professional Responsibility notified Henderson on January 28, 1999, of its proposed punishment of public censure for the aforementioned behavior. On February 26, 1999, Henderson replied by letter to the Board, stating that he was "opposed to further public censure by the Board," but indicating that he would accept a private reprimand. The Board interpreted this letter as a demand for a formal hearing, and on July 20, 1999, Disciplinary Counsel filed a petition for discipline. Henderson failed to file an answer to the petition for discipline, and on January 21, 2000, a default judgment was entered against him.

Meanwhile, Henderson offered a conditional guilty plea in exchange for a public censure. This Court reviewed that conditional plea and rejected it by order dated April 10, 2000. The matter was remanded to the Board for a hearing on the issue of punishment. At that hearing the Board granted Henderson's motion to set aside the default judgment and then granted a continuance so that a hearing could be held on the merits of the petition for discipline. Henderson offered a second conditional guilty plea in August 2000, agreeing to a thirty-day suspension, but that plea was rejected by the Board.

A hearing was held on February 21, 2001. Among the many motions filed by Henderson prior to the hearing was a Motion to Dismiss in which he argued that the Hearing Panel did not have jurisdiction because he did not demand a hearing, and therefore the matter should have been concluded by the original recommendation for public censure. The Hearing Panel denied that motion, finding that "although the Respondent's letter of February 26, 1999 . . . did not formally demand a hearing, it is clear that the Respondent disagreed with the offered discipline and that it was within the discretion of the Board of Professional Responsibility to treat Respondent's letter as a demand for a hearing." The Board issued its judgment on March 12, 2001, recommending that Henderson be suspended from the practice of law for a period of six months.

The Hearing Panel found Henderson's actions to be in violation of Disciplinary Rule 7-102(A)(4)-(7), Disciplinary Rule 7-106(C)(1), (3) and (7), and Disciplinary Rule 1-102(A)(1) and (3)-(6).[2] Specifically, the Hearing Panel found that Henderson swore falsely in his affidavit by stating that he had paid the court-ordered sanctions when in fact he had not.

Henderson filed a petition for certiorari in the Chancery Court for Sumner County. In his petition, he does not question the substance of the Board's decision, but rather raises procedural issues, along with renewing his complaint as to the jurisdiction of the Board over the disciplinary petition. Henderson filed the transcript of his testimony at the hearing along with the findings of the hearing committee. He did not file a complete transcript. The Board filed a motion to dismiss on the ground that Henderson had failed to file the complete transcript as required under the rules. The Court granted the Board's motion to dismiss on February 12, 2002, and then on September 13, 2002, denied Henderson's motion to alter or amend that judgment. Henderson appealed to this Court pursuant to Supreme Court Rule 9.

## STANDARD OF REVIEW

When a party appeals the judgment of a Board of Professional Responsibility hearing committee, the trial court shall review the evidence before the hearing committee, as well as the proof either party may introduce, and shall determine the facts by the preponderance of the evidence. Tenn. Sup. Ct. R. 9, § 1.3 (2001). The trial court's judgment may be appealed directly to this Court. Id. Our review of the decision is de novo with a presumption of correctness unless the preponderance of the evidence is contrary to the trial court's action. Murphy v. Bd. of Prof'l Responsibility, 924 S.W.2d 643 (Tenn. 1996).

## ANALYSIS

*I. The Board had subject-matter jurisdiction to hear the Petition for Discipline.*

Henderson argues that the Board was without jurisdiction to conduct the hearing because the Board was not authorized to institute a disciplinary hearing absent his request, and he asserts that he had not requested a hearing. We disagree.

Any attorney admitted to practice law in Tennessee is subject to the disciplinary jurisdiction of this Court, the Board, the hearing committees, and the circuit and chancery court. Tenn. Sup. Ct. R. 9, § 1.1 (2001). It is Tennessee Supreme Court Rule 9 (2001) that governs the procedure by which attorney misconduct is investigated and disciplined. While the underlying proceedings in the

---

[2] These disciplinary rules are part of the Code of Professional Responsibility previously set forth in Rule 8 of the Tennessee Supreme Court Rules (2001). The Code was replaced on March 1, 2003, by the Rules of Professional Conduct. The full text of the disciplinary rules cited by the hearing committee are included in the appendix to this opinion.

case under submission resulted in a procedural quagmire, careful review of the Board's and chancery court's actions in light of the Rule reveals that the Board and chancery court both acted properly.

Disciplinary Counsel investigated the complaint filed with the Board against Henderson and recommended a public censure. Tennessee Supreme Court Rule 9, section 8.1 (2001) provides that in the event that Disciplinary Counsel recommends public censure, the Board shall review the recommendation and approve or modify it. A respondent-attorney is not entitled to appeal a public censure by the Board, but may, within twenty days of notice thereof, demand as of right that a formal proceeding be instituted before a hearing committee. Tenn. Sup. Ct. R. 9, § 8.1 (2001). In the event of such a demand, the public censure shall be withdrawn and the matter disposed of in the same manner as any other formal hearing instituted before a hearing committee. Id.

Henderson received notice of the proposed disciplinary action on January 22, 1999. That notice informed him of his right to demand a hearing, and further stated that if he chose not to demand a hearing, the proposed discipline would be imposed. Henderson responded to this notice by letter dated February 26, 1999, in which he wrote to the Board:

> As I indicated to you during our conversation, I am opposed to further public censure by the Board, as I have not done anything wrong, other than inadvertantly [sic] failed to pay a civil penalty. . . .
>
> If the Board deems my negligence worthy of a private reprimand, I will be happy to accept that and move on. If there are any other terms you would like to add to the private reprimand, I will be most happy to discuss them. . . .

The Board interpreted this letter as a rejection of a public censure and a demand for a formal hearing. To initiate the formal hearing, Disciplinary Counsel filed with the Board a petition for discipline on July 20, 1999.

Henderson argues that the Board did not have jurisdiction to consider the Petition for Discipline because his letter of February 26, 1999, was not a demand for a hearing. The Board responds that it reasonably construed the letter to be a demand for a hearing because it specifically stated that Henderson disagreed with the proposed discipline. We find that the Board acted reasonably and properly.

Under the confines of Tennessee Supreme Court Rule 9, section 8.1 (2001), a respondent-attorney faced with a proposed public censure has two choices – he or she may accept the discipline or may demand a formal hearing before the Board. The Rule specifically states that there is no appeal of a public censure. By sending his letter to the Board, Henderson clearly expressed his unwillingness to accept the proposed punishment. Because the rules do not provide for an appeal of a public censure, Henderson's refusal to accept the public censure was in effect a request for a hearing before the Board.

Henderson also argues that because the letter was more than twenty days after his receipt of the notice, even if it was a demand, it was time barred and the public censure should have been final after the twenty days had passed. It is his position that once the twenty days ran, the hearing panel was deprived of subject-matter jurisdiction. In response, the Board relies upon Tennessee Supreme Court Rule 9, section 23.2 (2001) which instructs that time limitations are administrative and not jurisdictional.

Tennessee Supreme Court Rule 9, section 23.2 provides:

> Except as is otherwise provided in these rules, time is directory and not jurisdictional. Time limitations are administrative, not jurisdictional. Failure to observe such directory time intervals may result in contempt of the agency having jurisdiction but will not justify abatement of any disciplinary investigation or proceeding.

Tenn. Sup. Ct. R. 9, § 23.2 (2001). Thus, failure to observe the twenty-day time limit will not justify vacating the order of the hearing panel.[3]

*II. The Supreme Court has the authority to reject proposed settlements which would conclude a matter by public censure once formal charges have been served.*

After the petition for discipline was filed against Henderson, starting the formal disciplinary proceedings, Henderson entered a conditional guilty plea to the charges against him in exchange for a public censure. That conditional plea was presented to this Court for review and was rejected. Henderson argues that Disciplinary Counsel failed to follow procedures set forth in Tennessee Supreme Court Rule 9, section 8.4 (2001) by seeking approval from the Supreme Court of an agreement reached by the parties, and approved by Disciplinary Counsel and the hearing panel. Section 8.4 provides for Supreme Court review of judgments or settlements resulting in disbarment or suspension.[4] Henderson's argument ignores Rule 9, section 16.1 which applies directly to discipline by consent, and states:

---

[3] Finally, Henderson takes issue with the hearing panel's findings that he waived his objection to jurisdiction by participating in the proceedings after the petition for discipline had been filed and prior to the adjudication hearing. Because the hearing committee did have jurisdiction, this issue is moot.

[4] Tennessee Supreme Court Rule 9, section 8.4 (2001) provides:

If the judgment of a hearing committee is that a respondent shall be disbarred or suspended for any period of time in excess of three months and no appeal therefrom is perfected within the time allowed therefor, or if there is a settlement providing for a disbarment or suspension for any period of time in excess of three months, at any stage of disciplinary proceedings, the Board shall forward a copy of the judgment or settlement to the Supreme Court of Tennessee. The Court shall review the recommended punishment provided in such judgment or settlement with a view to attaining uniformity of punishment throughout the state and appropriateness of punishment under the circumstances of each particular case.

An attorney against whom formal charges have been served may at any stage of the proceedings before the Board, hearing committee or trial court, thereafter tender a conditional guilty plea to the petition or to a particular count thereof in exchange for a stated form of punishment. Such a tendered plea shall be submitted to Disciplinary Counsel and approved or rejected by the Board upon recommendation of the hearing committee if the matter has been assigned for hearing, or shall by approved or rejected by the trial court if a petition for certiorari has been filed; subject, however, in either event, to final approval or rejection by this Court if the stated form of punishment includes disbarment, suspension or public reprimand.

Tenn. Sup. Ct. R. 9, § 16.1 (2001).

The conditional plea in question was tendered after the formal petition for discipline was entered and a hearing before the Hearing Panel was scheduled. Therefore, pursuant to Tennessee Supreme Court Rule 9, section 16.1 (2001) any conditional guilty plea entered at that time was subject to final approval or rejection by this Court because the stated form of punishment called for public censure.

*III. The trial judge acted properly in dismissing the matter due to petitioner's failure to file the transcript.*

Henderson filed his petition for certiorari with the chancery court on May 11, 2001. On August 24, 2001, he filed a "Notice of Filing," giving notice that he had filed "the transcript of his testimony in the hearing on his motion to dismiss for lack of jurisdiction, and the findings of the hearing panel regarding that motion, taken February 21, 2001." At the same time, Henderson filed a motion to vacate the order of the Hearing Panel.

The Board filed a motion to dismiss appeal on October 22, 2001, on the grounds that Henderson failed to file a transcript with the court as required by Rule 9 of the Rules of the Supreme Court. On January 8, 2002, Henderson filed a motion to continue, alleging that he did not have adequate time to obtain a full hearing transcript. The matter was heard on February 1, 2002, at which time the Board renewed its motion to dismiss because a copy of the transcript had yet to be filed with the court. Henderson represented to the court that no transcript had been filed because he did not have the financial resources to pay for the transcript. The court granted the Board's motion to dismiss.

After oral argument on Henderson's motion to alter or amend judgment, the trial court found that Henderson failed to file a transcript and had given the court numerous and different reasons for not filing it. Therefore, the court denied Henderson's motion to alter or amend judgment, affirming the dismissal of his appeal. The court further found that procedural errors raised by the Petitioner had been adequately addressed by the Hearing Panel, and then noted that it was unable to make any further written findings due to Henderson's failure to file the transcript.

Tennessee Supreme Court Rule 9, section 1.3 (2001) states that "[t]he Respondent or the Board may have a review of the judgment of a hearing committee in the manner provided by T.C.A. 27-9-101 et seq., except as otherwise provided herein." With respect to the filing of a writ of certiorari, Tennessee Code Annotated section 27-9-109(a) (2000) provides that "[i]mmediately upon the grant of a writ, the board or commission shall cause to be made certified and forwarded to such court a complete transcript of the proceedings in the cause, containing also all the proof submitted before the board or commission." However, Tennessee Supreme Court Rule 9, section 23.1 (2001) "otherwise provides" that the Respondent and not the Board shall file the transcript. Thus, it was the responsibility of Henderson to file the transcript in the trial court.

## CONCLUSION

To summarize, we hold that (1) the Board properly construed Henderson's written response rejecting the proposed public censure as a demand for a formal hearing under Tennessee Supreme Court Rule 9, section 8.1; (2) this Court has authority under Tennessee Supreme Court Rule 9, section 16.1 to review conditional guilty pleas that would conclude a matter by public censure; and (3) the chancery court properly dismissed the petition for certiorari for Henderson's failure to file a complete transcript. We therefore affirm the decision of the chancery court and affirm Henderson's six-month suspension from the practice of law.

The judgment of the trial court is affirmed, and costs on appeal are taxed to the appellant, Mark W. Henderson.

 

_____
WILLIAM M. BARKER, JUSTICE

**DR 1-102. Misconduct.**

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(2) Circumvent a Disciplinary Rule through actions of another.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

(7) Willfully refuse to comply with a court order entered in a case in which the lawyer is a party.

[As amended October 9, 1997.]

**DR 7-102. Representing A Client Within the Bounds of the Law.**

(A) In the representation of a client, a lawyer shall not:

(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

(3) Conceal or knowingly fail to disclose that which the lawyer is required by law to reveal.

(4) Knowingly use perjured testimony or false evidence.

(5) Knowingly make a false statement of law or fact.

(6) Participate in the creation or preservation of evidence when the lawyer knows or it is obvious that the evidence is false.

(7) Counsel or assist the client in conduct that the lawyer knows to be illegal or fraudulent.

(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

(B) A lawyer who receives information clearly establishing that:

(1) The client has, in the course of the representation, perpetrated a fraud upon a person or tribunal, shall promptly call upon the client to rectify the same, and if the client refuses or is unable to do so, the lawyer shall reveal the fraud to the affected person or tribunal, except when the information is protected as a privileged communication.

(2) A person other than the client who has perpetrated a fraud upon a tribunal shall promptly reveal the fraud to the tribunal.

[Amended by order entered May 18, 1995, and by order entered September 11, 1995.]


**DR 7-106. Trial Conduct.**

(A) A lawyer shall not disregard or advise the client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but may take appropriate steps in good faith to test the validity of such rule or ruling.

(B) In presenting a matter to a tribunal, a lawyer shall disclose:

(1) Legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and which is not disclosed by opposing counsel.

(2) Unless privileged or irrelevant, the identities of the clients the lawyer represents and of the persons who employed the lawyer.

(C) In appearing in a professional capacity before a tribunal, a lawyer shall not:

(1) State or allude to any matter that the lawyer has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence.

(2) Ask any question that the lawyer has no reasonable basis to believe is relevant to the case and that is intended to degrade a witness or other person.

(3) Assert the lawyer's personal knowledge of the facts at issue, except when testifying as a witness.

(4) Assert the lawyer's personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of the accused; but a lawyer may argue, on the lawyer's analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

(5) Fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving opposing counsel timely notice of an intent not to comply.

(6) Engage in undignified or discourteous conduct which is degrading to a tribunal.

(7) Intentionally or habitually violate any established rule of procedure or of evidence.